UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____ X   INDEX NO.: 1:11-cv-03304-RJH
THE CITY OF NEW YORK,

                       Plaintiff,
-against-
                                                **VERIFIED ANSWER TO**
                                                **VERIFIED AMENDED**
AMERICAN MOTORISTS INSURANCE        **COMPLAINT AND**
COMPANY, as successor in interest to CARLISLE  **COUNTERCLAIM**
INSURANCE COMPANY, and WESTCHESTER
FIRE INSURANCE COMPANY

                       Defendant.
_____ X

Defendant, American Motorists Insurance Company, as successor in interest to Carlisle Insurance Company ("AMI"), by and through its attorneys, CLAUSEN MILLER P.C., as and for its Answer to Plaintiff's Amended Complaint and Counterclaim, alleges, upon information and belief, as follows:

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of Plaintiff's Amended Complaint.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of Plaintiff's Amended Complaint.

3. Admits, upon information and belief, the allegations contained in paragraph 3 of Plaintiff's Amended Complaint.

4. Admits, upon information and belief, the allegations contained in paragraph 4 of Plaintiff's Amended Complaint.

5. Admits, upon information and belief, the allegations contained in paragraph 5 of Plaintiff's Amended Complaint.

305639.1

- 2 -

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of Plaintiff's Amended Complaint.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of Plaintiff's Amended Complaint.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of Plaintiff's Amended Complaint.

9. Denies each and every allegation contained in paragraph 9 of the Complaint, except admits Diamond Asphalt Corporation ("Diamond") obtained policy number GLP1001078 (the "Carlisle Policy") from Carlisle Insurance Company ("Carlisle").

10. Denies each and every allegation contained in paragraph 10 of the Complaint, except admits Diamond Asphalt Corporation ("Diamond") obtained policy number GLP1001078 (the "Carlisle Policy") from Carlisle Insurance Company ("Carlisle").

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of Plaintiff's Amended Complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of Plaintiff's Amended Complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of Plaintiff's Amended Complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of Plaintiff's Amended Complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of Plaintiff's Amended Complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of Plaintiff's Amended Complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of Plaintiff's Amended Complaint.

18. Denies each and every allegation contained in paragraph 18 of the Complaint, except Admit that Carlisle defended Diamond in the lawsuit styled <u>Rivera v. The City of New York</u>, et al. (Supreme Court, Bronx County, Index number 7931/98; the "Rivera Action"), and paid to settle that lawsuit on Diamond's behalf.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of Plaintiff's Amended Complaint.

20. Admits the allegations contained in paragraph 20 of Plaintiff's Amended Complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of Plaintiff's Amended Complaint.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of Plaintiff's Amended Complaint.

23. Admits the allegations contained in paragraph 23 of Plaintiff's Amended Complaint.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of Plaintiff's Amended Complaint.

25. Admits the allegations contained in paragraph 25 of Plaintiff's Amended Complaint.

26. Denies each and every allegation in paragraph 26 of the Complaint, but Admit that Carlisle has not defended the City of New York in the Rivera Action because the City of New York is not a named insured or an additional insured under the Carlisle Policy, and is not entitled to coverage under the Carlisle Policy for the Rivera Action.

297244.1

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of Plaintiff's Amended Complaint.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of Plaintiff's Amended Complaint.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of Plaintiff's Amended Complaint.

30. Admits the allegations contained in paragraph 30 of Plaintiff's Amended Complaint.

31. Admits the allegations contained in paragraph 31 of Plaintiff's Amended Complaint.

32. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of Plaintiff's Amended Complaint.

33. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of Plaintiff's Amended Complaint.

34. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of Plaintiff's Amended Complaint.

35. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of Plaintiff's Amended Complaint.

36. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of Plaintiff's Amended Complaint.

37. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of Plaintiff's Amended Complaint.

38. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of Plaintiff's Amended Complaint.

39. Denies each and every allegation contained in paragraph 39 of the Complaint.

297244.1

40. Denies each and every allegation contained in paragraph 40 of the Complaint.

41. Denies each and every allegation contained in paragraph 41 of the Complaint.

42. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of Plaintiff's Amended Complaint.

43. Denies each and every allegation contained in paragraph 43 of the Complaint.

44. Denies each and every allegation in paragraph 44 of the Complaint, but Admit that Carlisle has not defended the City of New York in the Rivera Action because the City of New York is not a named insured or an additional insured under the Carlisle Policy, and is not entitled to coverage under the Carlisle Policy for the Rivera Action.

45. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of Plaintiff's Amended Complaint.

46. Denies each and every allegation contained in paragraph 46 of the Complaint.

47. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of Plaintiff's Amended Complaint.

48. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of Plaintiff's Amended Complaint.

49. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of Plaintiff's Amended Complaint.

50. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of Plaintiff's Amended Complaint.

51. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of Plaintiff's Amended Complaint.

52. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of Plaintiff's Amended Complaint.

53. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of Plaintiff's Amended Complaint.

54. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54 of Plaintiff's Amended Complaint.

55. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55 of Plaintiff's Amended Complaint.

### AS AND FOR THE FIRST AFFIRMATIVE DEFENSE

56. Plaintiff's Amended Complaint fails to state a cause of action upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

57. Plaintiff is not a named insured or an additional insured under the Carlisle Policy, and is not entitled to coverage under the Carlisle Policy for the Rivera Action.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

58. Defendant's coverage obligations are governed by the terms and conditions of the Carlisle Policy, irrespective of any terms contained in any other contract or agreement.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

59. This action is barred as to defendant by the doctrine of laches.

### AS AND FOR AN FIFTH AFFIRMATIVE DEFENSE

60. This action is barred as to defendant by the doctrine of estoppel and/or waiver.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

61. This action is barred as to defendant by the applicable statute of limitations.

- 7 -

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

62. Plaintiff has no standing to maintain this action against defendant.

## COUNTERCLAIM

63. On or about February 4, 1995, Carlisle Insurance Company ("Carlisle") issued and delivered to Diamond Asphalt, Corp. (hereafter referred to as the "Policyholder") a policy of commercial general liability insurance bearing number GLP1001078 ("the Carlisle Policy"). A copy of the complete Carlisle Policy is annexed hereto as Exhibit A.

64. The Carlisle Policy was effective from February 4, 1995 until December 4, 1996.

65. Pursuant to the terms of the Carlisle Policy, the plaintiff agreed, subject to the limits, provisions, exclusions and conditions thereto, to pay on behalf of the Policyholder, all sums which the Policyholder becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.

66. "Bodily injury" is defined in the Carlisle Policy as "bodily injury, sickness or disease sustained by any person." See Exhibit A.

67. The Carlisle Policy contains two endorsements, adding two parties as additional insureds.

68. Diamequip Rentals, Inc. and the New York City Transit Authority (Risk Management Department, Room 1064, 130 Livingston Street, Brooklyn, New York) are additional insureds under the Carlisle Policy subject to the terms, conditions and exclusions in the "Additional Insured-Owners, Lessees Contractors (Form B)" Endorsement (Number CG 2010 118) and in the Carlisle Policy.

69. The City of New York is not a named insured or an additional insured under the Carlisle Policy.

297244.1

70. The City of New York has asked American Motorists Insurance Company, as successor in interest to Carlisle Insurance Company ("AMIC"), to defend and indemnify it in a lawsuit styled <u>Rivera v. The City of New York</u>, et. al. (Supreme Court, Bronx County, Index number 7931/98; the "Rivera Action")

71. AMIC denied any duty under the Carlisle Policy to defend the City of New York in the Rivera Action because the City of New York is neither a named insured or an additional insured under the Carlisle Policy, and is not entitled to coverage under the Carlisle Policy for the Rivera Action.

72. No other terms or provisions in the Carlisle Policy obligate AMIC to defend or indemnify The City of New York in the Rivera Action. See Exhibit A.

73. An actual controversy exists between AMIC and the City of New York as to the obligations, if any, of AMIC to defend and indemnify the City of New York for the Rivera Action.

74. AMIC has no adequate remedy at law. AMIC requires a declaration of its rights and obligations by this Court in a declaratory judgment.

**WHEREFORE,** defendant AMIC hereby demands judgment dismissing the Complaint, and further demands a declaratory judgment on its Counterclaim as follows:

A. That AMIC is not obligated under the Carlisle Policy to defend or indemnify the City of New York in the Rivera Action;

B. That the Court's declarations in this action shall be a full and complete defense for AMIC in any action brought against it by the City of New York regarding defending or indemnifying the City of New York for the Rivera Action;

C. That AMIC have such other, different, and further relief, decree or judgment as this Court may deem just and proper, together with its costs and disbursements in this action.

Dated: New York, New York
June 22, 2011

Yours, etc.

CLAUSEN MILLER P.C.
Attorneys for Defendant
American Motorists Insurance
Company as Successor-in-interest
To Carlisle Insurance Company
One Chase Manhattan Plaza
New York, New York 10005
(212)805-3900

By: _____
Steven J. Fried (SF-3637)

TO: Arie Biernoff, Esq.
Office of Michael A. Cardozo
Corporation Counsel of the City of New York
Attorneys for Plaintiff, The City of New York
100 Church Street – Room 20-101
New York, New York 10007

Thomas R. Orofino, Esq.
Joseph N. Powers, Esq.
Sedgwick, LLP
Attorneys for Defendant Westchester Fire
Insurance Company
125 Broad Street
39th Floor
New York, New York 10004-2400

297244.1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK               X   INDEX NO.: 1:11-cv-03304-RJH
THE CITY OF NEW YORK,

                    Plaintiff,

-against-

AMERICAN MOTORISTS INSURANCE          **VERIFICATION**
COMPANY, as successor in interest to CARLISLE
INSURANCE COMPANY, and WESTCHESTER
FIRE INSURANCE COMPANY,

                    Defendants.              X

      Steven J. Fried, an attorney duly Admitted to practice law before the Courts of the State of New York, affirms as follows, with knowledge of the penalties for perjury:

      1.    Affirmant is associated with the law firm of CLAUSEN MILLER, P.C., attorneys for AMERICAN MOTORISTS INSURANCE COMPANY, as successors-in-interest to CARLISLE INSURANCE COMPANY, Defendant in the within action.

      2.    I am fully familiar with the facts and circumstances involved in this matter from reviewing the file regarding same maintained in the offices of the above named law firm.

      3.    I have read the foregoing Answer and Counterclaim, know the contents thereof, and the same are true to the best of my knowledge.

      4.    Affirmant further states that the reason this Verification is made by the undersigned and not by Defendant is because said party does not reside in New York County, where the offices of said attorneys are located.

      5.    The grounds of Affirmant's belief as to all matters not stated to be upon Affirmant's knowledge are investigative materials contained in the files of the above named law firm.

Dated: New York, New York
       June 22, 2011

                                              Yours, etc.

                                              CLAUSEN MILLER P.C.
                                              Attorneys for Defendant
                                              American Motorists Insurance
                                              Company as Successor-in-interest
                                              To Carlisle Insurance Company
                                              One Chase Manhattan Plaza
                                              New York, New York 10005
                                              (212)805-3900

                         By: _____
                                           Steven J. Fried (SF-3637)

305639.1