UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

THE CITY OF NEW YORK,

                              Plaintiff,

      -against-

AMERICAN MOTORISTS INSURANCE COMPANY, as successor in interest to CARLISLE INSURANCE COMPANY, and WESTCHESTER FIRE INSURANCE COMPANY,

                              Defendants.

11-CV-03304 (RJH)

**PLAINTIFF THE CITY OF NEW YORK'S VERIFIED ANSWER TO COUNTERCLAIM OF DEFENDANT AMERICAN MOTORISTS INSURANCE COMPANY**

------------------------------------------------------------------------ x

        Plaintiff, The City of New York (the "City"), by its counsel Michael A. Cardozo, Corporation Counsel of the City of New York, for its reply to the Verified Answer to Verified Amended Complaint and Counterclaim asserted by defendant American Motorists Insurance Company ("AMIC"), as successor in interest to Carlisle Insurance Company ("Carlisle"), alleges as follows:

        1. Admits upon information and belief that Carlisle issued a liability insurance policy to Diamond Asphalt Corporation ("Diamond") bearing number GLP 1001078, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63 of the Counterclaim.

        2. Admits upon information and belief the allegations contained in paragraph 64 of the Counterclaim. Admits that the policy attached to AMIC's amended answer as Exhibit A states that it is effective from February 4, 1995 until December 4, 1996.

        3. Denies the allegations contained in paragraph 65 of the Counterclaim.

4. Admits upon information and belief the allegations contained in paragraph 66 of the Counterclaim, but refers the Court to the applicable policy itself, which provides the complete definition of "bodily injury."

5. Admits upon information and belief, that the policy issued by Carlisle to Diamond includes multiple additional insured endorsements, and admits that the policy attached to defendant's answer as Exhibit A contains multiple endorsements; and otherwise denies the allegations contained in paragraph 67 of the Counterclaim.

6. Admits upon information and belief the allegations contained in paragraph 68 of the Counterclaim.

7. Denies the allegations contained in paragraph 69 of the Counterclaim.

8. Admits the allegations contained in paragraph 70 of the Counterclaim.

9. Paragraph 71 of the Counterclaim contains conclusions of law to which no response is required; to the extent a response is required, denies those allegations.

10. Denies the allegations contained in paragraph 72 of the Counterclaim.

11. Admits the allegations contained in paragraph 73 of the Counterclaim.

12. Paragraph 74 contains conclusions of law to which no response is required; to the extent a response is required, denies those allegations.

### First Affirmative Defense to Counterclaim

The counterclaim fails to state a cause of action.

### Second Affirmative Defense to Counterclaim

Defendant is barred from relief by the doctrine of laches.

### Third Affirmative Defense to Counterclaim

Defendant is barred from relief by the doctrines of waiver and estoppel.

**WHEREFORE**, the City demands judgment:

  (a)  Dismissing defendant American Motorists Insurance Company's Counterclaim in its entirety;

  (b)  Granting the relief sought by the City in its Amended Complaint; and

  (c)  For such other relief as this Court may deem just and proper.

Dated:  New York, New York
     July 1, 2011

              MICHAEL A. CARDOZO
              Corporation Counsel of the
                City of New York
              *Attorneys for Plaintiff The City of New York*
              100 Church Street, Rm. 20-101
              New York, New York 10007
              (212) 788-0967
              abiernof@law.nyc.gov

            By: _____
              Ari Biernoff (AB 6357)
              Assistant Corporation Counsel

Of Counsel:
  Eric Proshansky (EP 1777)

## VERIFICATION

Ari Biernoff, an attorney admitted to practice law before the courts of the State of New York and the United States District Court for the Southern District of New York, affirms under penalty of perjury: that he is an Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York; that the City of New York is the plaintiff in the within action; that the allegations in the foregoing Answer to Counterclaim as to plaintiff are true to his knowledge; that the matters alleged therein upon information and belief, he believes to be true; and that the basis of his knowledge is the books and records of the plaintiff and/or statements made to him by officers or employees thereof. This verification is not made by the plaintiff because the plaintiff is a municipal corporation.

_____  7/1/11
ARI BIERNOFF