Joseph K. Powers (JP-5504)
J. Gregory Lahr (JL-9969)
SEDGWICK LLP
125 Broad Street, 39th Floor
New York, NY 10004-2400
Tel. 212.422.0202
Fax. 212.422.0925
joseph.powers@sedgwicklaw.com

*Attorneys for Westchester Fire Insurance Company*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE CITY OF NEW YORK,<br><br>               Plaintiff,<br><br>  -against-<br><br>AMERICAN MOTORISTS INSURANCE COMPANY, as successor in interest to CARLISLE INSUANCE COMPANY, and WESTCHESTER FIRE INSURANCE COMPANY,<br><br>               Defendants. | Civil Action Number:<br>11-CV-3304 (RJH)<br><br>**ANSWER TO SECOND AMENDED COMPLAINT & AFFIRMATIVE DEFENSES** |

Defendant Westchester Fire Insurance Company ("Westchester"), by and through its attorneys, Sedgwick LLP, as an for its Answer to the Second Amended Complaint of the City of New York (the "City"), states as follows:

## AS TO THE INTRODUCTION

1.    The allegations contained in paragraph "1" of the Second Amended Complaint assert matters of law as to which no response is required.

## AS TO THE PARTIES

2.    Westchester is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "2" of the Second Amended Complaint and thereby denies them.

NY/751977v1

3. Westchester is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "3" of the Second Amended Complaint and thereby denies them.

4. Westchester is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "4" of the Second Amended Complaint and thereby denies them.

5. Westchester is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "5" of the Second Amended Complaint and thereby denies them.

6. Westchester denies the allegations contained in paragraph "6" of the Second Amended Complaint except admits that it is an insurance company organized under the laws of the Commonwealth of Pennsylvania, that it maintains its principal place of business in either Philadelphia, Pennsylvania or Roswell, Georgia, that it is duly licensed to transact business in New York, and that it does in fact transact such business.

## AS TO THE FACTS

7. Westchester is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "7" of the Second Amended Complaint and thereby denies them.

8. The allegations contained in paragraph "8" of the Second Amended Complaint assert matters of law as to which no response is required.  To  the extent that the allegations are deemed to allege matters of fact, Westchester is without knowledge or information sufficient to form a belief as to their truth and thereby denies them.

9. The allegations contained in paragraph "9" of the Second Amended Complaint assert matters of law as to which no response is required.  To  the extent that the allegations are

deemed to allege matters of fact, Westchester is without knowledge or information sufficient to form a belief as to their truth and thereby denies them.

10. The allegations contained in paragraph "10" of the Second Amended Complaint assert matters of law as to which no response is required. To the extent that the allegations are deemed to allege matters of fact, Westchester is without knowledge or information sufficient to form a belief as to their truth and thereby denies them.

11. The allegations contained in paragraph "11" of the Second Amended Complaint assert matters of law as to which no response is required. To the extent that the allegations are deemed to allege matters of fact, Westchester is without knowledge or information sufficient to form a belief as to their truth and thereby denies them.

12. Westchester denies the allegations of paragraph "12" of the complaint, except admits that it issued Commercial Umbrella Policy No. CUA-102714-0 to Diamond Asphalt Corporation ("Diamond") covering the period from February 5, 1996 to December 4, 1996, and that Pursuant to the Schedule of Underlying Insurance, the Policy is excess of a Commercial General Liability Policy issued by Carlyle Insurance Company ("Carlyle") covering the same policy period and providing coverage up to a limit of $1,000,000 each occurrence and $2,000,000 in the aggregate per project/location.

13. The allegations contained in paragraph "13" of the Second Amended Complaint assert matters of law as to which no response is required. To the extent that the allegations are deemed to allege matters of fact, Westchester admits them.

14. The allegations contained in paragraph "14" of the Second Amended Complaint assert matters of law as to which no response is required. To the extent that the allegations are deemed to allege matters of fact, Westchester denies that the City qualifies as an additional insured.

NY/751977v1

15. Westchester is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "15" of the Second Amended Complaint and thereby denies them.

16. Westchester is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "16" of the Second Amended Complaint and thereby denies them.

17. Westchester denies the accuracy of the City's characterizations of the complaint in the *Rivera* Action as described in paragraph "17" of the Second Amended Complaint and refers the Court to the actual complaint with respect to the allegations made therein.

18. The allegations contained in paragraph "18" of the Second Amended Complaint assert matters of law as to which no response is required. To the extent that the allegations are deemed to allege matters of fact, Westchester is without knowledge or information sufficient to form a belief as to their truth and thereby denies them.

19. The allegations contained in paragraph "19" of the Second Amended Complaint assert matters of law as to which no response is required. To the extent that the allegations are deemed to allege matters of fact, Westchester denies them as to coverage for the City.

20. Westchester admits the allegations contained in paragraph "20" of the Second Amended Complaint.

21. Westchester is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "21" of the Second Amended Complaint and thereby denies them.

## AS TO AMIC'S LIABILITY

22. Westchester is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "22" of the Second Amended Complaint and thereby denies them.

NY/751977v1

23. Westchester is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "23" of the Second Amended Complaint and thereby denies them.

24. Westchester is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "24" of the Second Amended Complaint and thereby denies them.

25. Westchester is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "25" of the Second Amended Complaint and thereby denies them.

26. Westchester is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "26" of the Second Amended Complaint and thereby denies them.

27. Westchester is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "27" of the Second Amended Complaint and thereby denies them.

28. Westchester is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "28" of the Second Amended Complaint and thereby denies them.

29. Westchester is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "29" of the Second Amended Complaint and thereby denies them.

**AS TO WFIC'S LIABILITY**

30. Upon information and belief, Westchester denies the allegations contained in paragraph "30" of the Second Amended Complaint.

31. Westchester admits the allegations contained in paragraph "31" of the Second Amended Complaint.

32. Westchester admits the allegations contained in paragraph "32" of the Second Amended Complaint.

33. The allegations contained in paragraph "33" of the Second Amended Complaint assert matters of law as to which no response is required. To the extent that the allegations are deemed to allege matters of fact, Westchester denies them as to coverage for the City and is without knowledge or information sufficient to form a belief as to the truth of the allegations relating to when the City discovered that the primary policy limits had been exhausted.

34. Westchester denies the accuracy of the City's characterizations of the February 1, 2011 letter as contained in paragraph "34" of the Second Amended Complaint and refers the Court to the actual letter and attachments with respect to the contents thereof.

35. Westchester denies the accuracy of the City's characterizations of the March 14, 2011 fax as contained in paragraph "35" of the Second Amended Complaint and refers the Court to the actual fax with respect to the contents thereof.

36. Westchester denies the accuracy of the City's characterizations of Westchester's position on coverage as contained in paragraph "36" of the Second Amended Complaint and states that Westchester was under no obligation to defend or indemnify the City in the *Rivera* Action.

37. The allegations contained in paragraph "37" of the Second Amended Complaint assert matters of law as to which no response is required. To the extent that the allegations are deemed to allege matters of fact, Westchester denies them.

38. The allegations contained in paragraph "38" of the Second Amended Complaint assert matters of law as to which no response is required. To the extent that the allegations are

deemed to allege matters of fact as to what the City charges carriers for legal services, Westchester is without knowledge or information sufficient to form a belief as to their truth and thereby denies them.

## AS TO THE FIRST CAUSE OF ACTION
### (Declaration of Duty to Defend and Indemnify)

39. Westchester repeats and reiterates each of its response to paragraphs "1" through "38" of the Second Amended Complaint as if set forth herein at length.

40. The allegations contained in paragraph "40" of the Second Amended Complaint assert matters of law as to which no response is required. To the extent that the allegations are deemed to allege matters of fact, Westchester is without knowledge or information sufficient to form a belief as to their truth and thereby denies them.

41. The allegations contained in paragraph "41" of the Second Amended Complaint assert matters of law as to which no response is required. To the extent that the allegations are deemed to allege matters of fact, Westchester is without knowledge or information sufficient to form a belief as to their truth and thereby denies them.

42. The allegations contained in paragraph "42" of the Second Amended Complaint assert matters of law as to which no response is required. To the extent that the allegations are deemed to allege matters of fact, Westchester is without knowledge or information sufficient to form a belief as to their truth and thereby denies them.

43. The allegations contained in paragraph "43" of the Second Amended Complaint assert matters of law as to which no response is required. To the extent that the allegations are deemed to allege matters of fact, Westchester is without knowledge or information sufficient to form a belief as to their truth and thereby denies them.

44. The allegations contained in paragraph "44" of the Second Amended Complaint assert matters of law as to which no response is required. To the extent that the allegations are

deemed to allege matters of fact, Westchester is without knowledge or information sufficient to form a belief as to their truth and thereby denies them.

## AS TO THE SECOND CAUSE OF ACTION
### (Recovery of Costs of Defense)

45. Westchester repeats and reiterates each of its response to paragraphs "1" through "38" of the Second Amended Complaint as if set forth herein at length.

46. The allegations contained in paragraph "46" of the Second Amended Complaint assert matters of law as to which no response is required. To the extent that the allegations are deemed to allege matters of fact, Westchester is without knowledge or information sufficient to form a belief as to their truth and thereby denies them.

47. Westchester is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "47" of the Second Amended Complaint and thereby denies them.

48. Westchester is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "48" of the Second Amended Complaint and thereby denies them.

49. The allegations contained in paragraph "49" of the Second Amended Complaint assert matters of law as to which no response is required. To the extent that the allegations are deemed to allege matters of fact, Westchester is without knowledge or information sufficient to form a belief as to their truth and thereby denies them.

## AS TO THE THIRD CAUSE OF ACTION - AMIC
### (Recovery of Costs of Defense)

50. Westchester repeats and reiterates each of its response to paragraphs "1" through "38" of the Second Amended Complaint as if set forth herein at length.

NY/751977v1

51. The allegations contained in paragraph "51" of the Second Amended Complaint assert matters of law as to which no response is required. To the extent that the allegations are deemed to allege matters of fact, Westchester is without knowledge or information sufficient to form a belief as to their truth and thereby denies them.

52. Westchester is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "52" of the Second Amended Complaint and thereby denies them.

53. The allegations contained in paragraph "53" of the Second Amended Complaint assert matters of law as to which no response is required. To the extent that the allegations are deemed to allege matters of fact, Westchester is without knowledge or information sufficient to form a belief as to their truth and thereby denies them.

### AS TO THE FOURTH CAUSE OF ACTION - WFIC
**(Declaration of Duty to Defend and Indemnify)**

54. Westchester repeats and reiterates each of its response to paragraphs "1" through "38" of the Second Amended Complaint as if set forth herein at length.

55. Westchester denies the accuracy of the City's characterizations of Westchester's position on coverage as contained in paragraph "55" of the Second Amended Complaint and states that Westchester was under no obligation to defend or indemnify the City in the *Rivera* Action.

56. The allegations contained in paragraph "56" of the Second Amended Complaint assert matters of law as to which no response is required. To the extent that the allegations are deemed to allege matters of fact, Westchester denies them.

57. The allegations contained in paragraph "57" of the Second Amended Complaint assert matters of law as to which no response is required. To the extent that the allegations are deemed to allege matters of fact, Westchester denies them.

58. The allegations contained in paragraph "58" of the Second Amended Complaint assert matters of law as to which no response is required. To the extent that the allegations are deemed to allege matters of fact, Westchester denies them.

59. The allegations contained in paragraph "59" of the Second Amended Complaint assert matters of law as to which no response is required. To the extent that the allegations are deemed to allege matters of fact, Westchester denies them.

## AS TO THE FIFTH CAUSE OF ACTION - WFIC
### (Recovery of Costs of Defense)

60. Westchester repeats and reiterates each of its response to paragraphs "1" through "38" of the Second Amended Complaint as if set forth herein at length.

61. The allegations contained in paragraph "61" of the Second Amended Complaint assert matters of law as to which no response is required. To the extent that the allegations are deemed to allege matters of fact, Westchester denies them.

62. Westchester denies the accuracy of the City's characterizations of Westchester's position on coverage as contained in paragraph "62" of the Second Amended Complaint and states that Westchester was under no obligation to defend or indemnify the City in the *Rivera* Action.

63. Westchester is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "63" of the Second Amended Complaint and thereby denies them.

64. The allegations contained in paragraph "64" of the Second Amended Complaint assert matters of law as to which no response is required. To the extent that the allegations are deemed to allege matters of fact, Westchester denies them.

## AS TO THE SIXTH CAUSE OF ACTION - WFIC
### (Indemnification)

65. Westchester repeats and reiterates each of its response to paragraphs "1" through "38" of the Second Amended Complaint as if set forth herein at length.

66. The allegations contained in paragraph "66" of the Second Amended Complaint assert matters of law as to which no response is required. To the extent that the allegations are deemed to allege matters of fact, Westchester denies them.

67. Westchester is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "67" of the Second Amended Complaint and thereby denies them.

68. The allegations contained in paragraph "68" of the Second Amended Complaint assert matters of law as to which no response is required. To the extent that the allegations are deemed to allege matters of fact, Westchester denies them.

### FIRST AFFIRMATIVE DEFENSE

The Second Amended Complaint fails to state a claim upon which relief can be granted as against Westchester.

### SECOND AFFIRMATIVE DEFENSE

The Westchester Policy provides that if a "Claim" is made or "Suit" is brought against any "Insured" that is likely to involve the policy, such insured must notify Westchester, in writing, of the "Claim" or "Suit" as soon as possible. In addition, any such insured is required to immediately send Westchester copies of any demands, notices, summonses or legal papers received in connection with any "Claim" or "Suit". By its own admission, the City was served with a Notice of Claim by Rivera on February 14, 1997, and was served with a summons and complaint in the *Rivera* Action on February 13, 1998. As further admitted by the City, it did not

11

formally request a defense from Westchester in the Rivera Action until March 14, 2011 – a period of over 14 years from when the City first learned of the claim and 13 years since it was served with the summons and complaint. The City's claims for coverage are barred by late notice.

### THIRD AFFIRMATIVE DEFENSE

The City is not a named insured or an additional insured under the Westchester Policy and is not entitled to coverage under the Westchester Policy for the *Rivera* Action.

### FOURTH AFFIRMATIVE DEFENSE

Westchester's coverage obligations are governed by the terms and conditions of the Westchester Policy, irrespective of any terms contained in any other contract or agreement.

### FIFTH AFFIRMATIVE DEFENSE

Westchester has no obligation to defend or to pay defense costs under the terms of the Westchester Policy until the applicable limits of all underlying insurance policies and other insurance policies have been exhausted by payment.

### SIXTH AFFIRMATIVE DEFENSE

Condition H. [Other Insurance] of the Westchester Policy provides that if there is any other collectible insurance available to the Insured (whether such insurance is stated to be primary, contributing, excess or contingent) that covers a loss that is also covered by the Westchester Policy, the insurance provided by the Westchester Policy will apply in excess of, and shall not contribute with, such insurance.

### SEVENTH AFFIRMATIVE DEFENSE

The claims asserted against the City in the *Rivera* Action fall outside of, or are otherwise defeated by, the terms, conditions, limitations and exclusions of the Westchester Policy.

### EIGHTH AFFIRMATIVE DEFENSE

Westchester had no duty to defend the City with respect to the claims asserted against them in the *Rivera* Action and has no duty to indemnify them with respect to any judgment or settlement entered in that action.

### NINTH AFFIRMATIVE DEFENSE

The Second Amended Complaint fails to allege the circumstances relating to the underlying claims in the *Rivera* Action with sufficient particularity to enable Westchester to determine whether it may have additional defenses in this action and Westchester reserves the right to assert such additional defenses as are ascertained through discovery.

### TENTH AFFIRMATIVE DEFENSE

Upon information and belief, the claims of the City are barred, in whole or in part, by the doctrines of waiver, estoppel and unclean hands.

### ELEVENTH AFFIRMATIVE DEFENSE

Upon information and belief, the claims of the City are barred, in whole or in part, by the doctrine of laches and by the applicable statute of limitations.

NY/751977v1

WHEREFORE, defendant Westchester Fire Insurance Company requests entry of a judgment declaring that it has no obligation to indemnify the City of New York for any defense costs or the cost of any settlement incurred in the *Rivera* Action, denying all relief requested by City of New York in its Second Amended Complaint, dismissing the Second Amended Complaint with prejudice, and awarding Westchester Fire Insurance Company its costs, disbursements and attorney's fees, together with such other and further relief as this Court may deem just and proper.

Dated: New York, New York
October 5, 2011

          Respectfully submitted,

          SEDGWICK LLP

By:    /s/ Joseph K. Powers
       Joseph K. Powers (JP5504)

       125 Broad Street, 39th Floor
       New York, New York 10004-2400
       Telephone: (212) 422-0202
       Facsimile: (212) 422-0925

*Attorneys for Defendant*
*Westchester Fire Insurance Company*

## CERTIFICATE OF SERVICE

I, JOSEPH K. POWERS, HEREBY CERTIFY that on October 5, 2011, a copy of the foregoing Answer and Affirmative Defenses to the Second Amended Complaint was served using the Court's CM/ECF system, with electronic notice of such filing on, to:

>Aaron M. Bloom
>Office of Michael A. Cardozo
>Corporation Counsel of the City of New York
>*Attorneys for Plaintiff, The City of New York*
>100 Church Street—Room 20-84
>New York, New York 10007
>(212) 788-0967
>abloom@law.nyc.gov

>Steven J. Fried
>Clausen Miller P.C.
>*Attorneys for Defendant, American Motorists Insurance Company as Successor-In-Interest to Carlisle Insurance Company*
>One Chase Manhattan Plaza
>New York, New York 10005
>(212) 805-3900
>sfried@clausen.com

>/s/ Joseph K. Powers
>Joseph K. Powers

NY/751977v1